IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**OKEY GARRY OKPALA, #43667-019**　　　　　　　　　　　　　　　**PLAINTIFF**

**VERSUS**　　　　　　　　　　　　**CIVIL ACTION NO. 5:15-cv-40-DCB-MTP**

**FNU VASQUEZ, et al.**　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

**AMENDED ORDER CONDITIONALLY GRANTING
APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND SETTING PAYMENT SCHEDULE**

There came on for consideration *pro se* Plaintiff Okey Garry Okpala's application to proceed *in forma pauperis* [2, 10] in this civil action pursuant to 42 U.S.C. § 1983, along with his Complaint [1], dated May 5, 2015, and filed in this Court on May 11, 2015. This Court is aware that Okpala has at least "three strikes" under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g); *see Okpala v. Lappin*, No. 1:09-cv-828, 2010 WL 55997 (E.D. Tex. Jan. 5, 2010)(listing four of Okpala's strikes). Okpala was barred from proceeding IFP before the United States Supreme Court in 2007, because he had "repeatedly abused [the] Court's process." *Okpala v. Drew*, 549 U.S. 1201(2007).

However, Plaintiff argues that he is entitled to proceed *in forma pauperis* in this case because he meets the exception provision of 28 U.S.C. § 1915(g). Specifically, Okpala claims he is in imminent danger of serious physical injury because of an alleged continuing failure to treat his medical condition. At this stage in the proceedings, this Court cannot definitively state that he does *not* meet the exception provision. Accordingly, the Court will conditionally grant Okpala's request to proceed *in forma pauperis* in this case for the limited purpose of determining whether he meets the exception.

Therefore, pursuant to § 1915, as amended, and notwithstanding Plaintiff's lack of assets,

it is hereby

ORDERED that *pro se* Plaintiff Okey Garry Okpala's application to proceed *in forma pauperis* is conditionally granted for the limited purpose of determining whether he is in imminent danger due to his medical condition, except to the extent that he is required to make payments set forth below. If judgment is rendered against him, and the judgment includes the payments of costs under § 1915, he will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.

IT IS FURTHER ORDERED that the plaintiff shall pay the full filing fee of $350.00 by payments made to the Clerk of Court from the plaintiff's prison account. **Said payments will be forwarded to the Clerk, U.S. District Court, 501 E. Court St., Suite 2.500, Jackson, MS 39201**, with the plaintiff's name and civil action number 5:15-cv-40-DCB-MTP written on the payment.

IT IS FURTHER ORDERED that the plaintiff's inmate trust fund account summary for the six month period immediately preceding the submission of his complaint reflects average monthly deposits of $95.00, an average monthly account balance of $23.56 and a current balance of $141.37. The plaintiff is therefore required to pay an initial partial filing fee of $19.00. The Adams County Correctional Center or other prison at which the plaintiff may be incarcerated is required by law, when the plaintiff's prison account has sufficient funds, to collect the initial partial filing fee of $19.00 and **forward it to the Clerk, U.S. District Court**, **U.S. District Court, 501 E. Court St., Suite 2.500, Jackson, MS 39201, with the plaintiff's name and civil action number 5:15-cv-40-DCB-MTP written on the payment.**

IT IS FURTHER ORDERED that after payment of the initial partial filing fee, the

plaintiff is required to make monthly payments of 20 percent of the preceding month's income[1] credited to his prison account, until the total filing fee of $350.00 is paid. The Adams County Correctional Center or other prison at which the plaintiff may be incarcerated is required by law, when the plaintiff's prison account exceeds the sum of $10.00, to **forward monthly payments with the plaintiff's name and civil action number 5:15-cv-40-DCB-MTP written on the payment, to the Clerk, U.S. District Court**, U.S. District Court, 501 E. Court St., Suite 2.500, Jackson, MS 39201, with each payment being a sum which equals 20 percent of the preceding month's income credited to the plaintiff's prison account.

The Clerk is directed to mail copies of this order to the **plaintiff; and to the Warden, Adams County Correctional Facility, P.O. Box 1600, Washington, MS 39190.** Failure to advise this court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.

SO ORDERED, this the 23rd day of September, 2015.

/s/David Bramlette
UNITED STATES DISTRICT JUDGE

---

[1] Income shall mean "whatever sums enter a prison trust account, disregarding the source." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998).