**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**OKEY GARRY OKPALA**                                                   **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 5:15cv40-DCB-MTP**

**FNU VASQUEZ, ET AL.**                                        **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Motion to Dismiss [38] filed by Defendant Jose A. Santana and the Motion to Dismiss [54] filed by Defendants FNU Edwards, FNU Lacy, the Federal Bureau of Prisons, FNU Vasquez, Stacy Cook, Corrections Corporation of America, FNU Farmer, FNU Greene, and A. Lidell. Having carefully considered the motions and the procedural history of this case, the undersigned recommends that both motions be denied without prejudice.

Plaintiff initiated the instant action on or about May 5, 2015. *See* Complaint [1] at 27. In the Complaint, Plaintiff alleges the violation of his constitutional rights while he was incarcerated at various federal correctional facilities.

Pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent anger of serious physical injury.

On September 24, 2015, the Court conditionally granted the Plaintiff *in forma pauperis* status. Although Plaintiff has received "three strikes" under the Prison Litigation Reform Act, the Court conditionally granted his request to proceed IFP for the limited purposes of determining whether Plaintiff meets the "imminent danger of serious physical injury" exception under the statute. *See*

Order [13]. Thereafter, the Court directed summons to issue to Defendants and specifically directed Defendants to address Plaintiff's imminent danger claim and provide Plaintiff's medical records in their answers or responsive pleadings. *See* Order [14].

Several Defendants have filed dispositive motions in this matter, to which they attach Plaintiff's medical records, but the motions implicate jurisdictional, immunity, and fact issues rather than the propriety of the Plaintiff proceeding IFP. *See* Motions [39] [54]. The Court scheduled a hearing on the issue of Plaintiff's IFP status, but the hearing was cancelled due to unforeseen issues which arose in transporting the Plaintiff. *See* Order [67]; Text Only Order dated May 25, 2016. The undersigned has set a briefing schedule in regard to this matter by separate order. *See* Order [71].

As the Plaintiff's IFP status remains uncertain, the Court's consideration of the merits of this case is premature at this juncture.[1] Defendants were specifically ordered to address the issue of whether Plaintiff was or is in imminent danger of serious physical injury, but have failed to do so. Accordingly, the undersigned recommends that the motions be denied without prejudice. Once the Plaintiff's IFP status is determined, any dispositive motions may be re-filed or may be rendered unnecessary.

---

[1]The undersigned notes that since the time of filing, Plaintiff's sentence has been completed and he is currently being detained by United States Immigration and Customs Enforcement for deportation purposes. Such detainees are not "prisoners" for purposed of the PLRA. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). However, the issue of whether an individual is a "prisoner" under the PLRA turns on whether the prisoner-plaintiff was confined when the suit was filed. *See, e.g., Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004); *Andrews v. Gunter*, 2007 WL 1154108, at *4 n.3 (W.D. La. March 29, 2007); *Green v. Palo Pinto Cnty.*, 2013 WL 3096089, at *1 (N.D. Tex. June 20, 2013). At the time Plaintiff filed the instant action, he was incarcerated pursuant to valid conviction and in the custody of the Federal Bureau of Prisons. Thus, he will be considered a "prisoner" for purposes of IFP.

**RECOMMENDATION**

For the reasons set forth above, the undersigned recommends that the Motions to Dismiss [39] and [54] be DENIED WITHOUT PREJUDICE.

**RIGHT TO OBJECT**

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 6th day of July, 2016.

s/ Michael T. Parker<br>United States Magistrate Judge