IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**OKEY GARY OKPALA**                                                          **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 5:15cv40-DCB-MTP**

**FNU VASQUEZ, ET AL.**                                             **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* to determine whether Plaintiff meets the "imminent danger exception" and should be granted full *in forma pauperis* ("IFP") status despite having three strikes pursuant to 28 U.S.C. § 1915(g); *see Okpala v. Lappin*, No. 1:09-cv-828, 2010 WL 55997 (E.D. Tex. Jan. 5, 2010)(listing four of Okpala's strikes). Okpala was barred from proceeding IFP before the United States Supreme Court in 2007, because he had "repeatedly abused [the] Court's process." *Okpala v. Drew*, 549 U.S. 1201 (2007).

Plaintiff Okey Gary Okpala[1] brings this 42 U.S.C. § 1983 action alleging denial of adequate medical care by various Defendants from two different prisons. While a prisoner, Okpala has brought at least three civil actions which have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted. Plaintiff moved to proceed IFP in this action, and the Court granted provisional IFP status for the limited purpose of determining if Plaintiff was in "imminent danger" due to his medical condition. *See* [13] at 2. The parties have briefed this issue pursuant to Order [71].

---

[1] The undersigned notes that since the time of filing, Plaintiff's sentence has been completed and he is currently being detained by United States Immigration and Customs Enforcement for deportation purposes. Such detainees are not "prisoners" for purposes of the PLRA. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). However, the issue of whether an individual is a "prisoner" under the PLRA turns on whether the prisoner-plaintiff was confined when the suit was filed. *See, e.g., Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004); *Andrews v. Gunter*, 2007 WL 1154108, at *4 n.3 (W.D. La. March 29, 2007); *Green v. Palo Pinto Cnty.*, 2013 WL 3096089, at *1 (N.D. Tex. June 20, 2013). At the time Plaintiff filed the instant action, he was incarcerated pursuant to a valid conviction and in the custody of the Federal Bureau of Prisons. Thus, he will be considered a "prisoner" for purposes of IFP consideration.

1

Plaintiff has failed to show that he was in imminent danger of serious physical injury at the time he filed his complaint. Accordingly, the undersigned recommends that Plaintiff's *IFP* status be revoked pursuant to 28 U.S.C. § 1915(g), that this lawsuit be dismissed without prejudice, and that Plaintiff be given thirty days to reopen this civil action if the entire filing fee of $350.00 is paid.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner's privilege to proceed IFP shall be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). The Court must consider all actions which were dismissed as frivolous, malicious, or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir.1996). Denial of *in forma pauperis* under the three strikes provision is a:

> matter[ ] of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures.... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.
> *Id.* at 386–87.

Excepted from this bar are cases in which "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he determination as to whether a prisoner is in 'imminent danger' must be made as of the time that he seeks to file IFP his complaint or notice of appeal." *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998).

In his complaint, filed May 11, 2015, Plaintiff alleges that he was denied adequate medical care related to his sciatica – which causes him great pain – at various times by different

2

defendants at Federal Correctional Complex Beaumont Low and at the Adams County Correctional Center.

According to Plaintiff, he was in custody at the Federal Correctional Complex Beaumont Low from 2010-2014 when he was diagnosed with lumbar disc problems. *See* Motion to Proceed IFP [2] at 1. Plaintiff was transferred to Adams County Correctional Center in September of 2014, where he filed his complaint and motion to proceed IFP on May 11, 2015. *Id.* at 2; Complaint [1] at 6.

In his complaint, Plaintiff claims that Defendants at Adams County Correctional Center did not take him to a neurosurgeon even though he was scheduled to see one at his previous prison, and did not give him a "proactive brace" that he saw advertised on television. *See* [1] at 4. Furthermore, Plaintiff alleges that he is subject to "'imminent danger' [because] significant serious and permanent disfigurement and disability to his person [will result]. . . without [] timely and adequate medical treatment." *Id.* at 5. Further, in his brief on this issue, Plaintiff alleges that his medical status is worsening and that he has to take more pills for his condition. [73] at 1-2.

As an initial matter, Plaintiff had been transferred from Federal Correctional Complex Beaumont Low and was incarcerated at Adams County when he filed his complaint and motion to proceed *IFP*. Plaintiff filed his complaint approximately eight months after he was transferred. Plainly, Plaintiff was not in imminent danger of serious physical injury from any of the Defendants[2] from the Federal Correctional Complex Beaumont Low at the time his complaint was filed because he was not at that facility at the time. Plaintiff should not be allowed to proceed IFP against the Federal Correctional Complex Beaumont Low Defendants, because he could not have been in imminent danger of serious physical injury from those Defendants at the

---

[2] These defendants include: Vazquez, Lacy, Edwards, Santana, and the Federal Bureau of Prisons.

3

time the complaint was filed. *See Summers v. Livingston*, No. 1:12-CV-135, 2014 WL 1877437, at *2 (E.D. Tex. May 6, 2014) ("Because plaintiff had been transferred . . . ., he was not in imminent danger of serious harm at the time he filed this action. Accordingly, he is barred from proceeding *in forma pauperis* in this action.")

Moreover, "conclusional allegations are insufficient to show [a Plaintiff is] under imminent danger of serious physical injury at the time that he filed his complaint." *Smith v. Dir., Texas Dep't of Criminal Justice, Corr. Institutions Div.*, 258 F. App'x 632 (5th Cir. 2007)(citing *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998)). "To satisfy the 'imminent danger' exception, a complainant must offer specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Jackson v. United States*, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016) (general complaints about ongoing nature of alleged lack of medical care do not meet imminent danger exception) (internal quotation marks and citations omitted); *Cain v. Shilling*, No. 799-CV-898, 2001 WL 515263, *2 (W.D.Va. Mar.14, 2001)(imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary).

The undersigned finds Plaintiff's allegations regarding the Adams County Correctional Center Defendants'[3] alleged actions or omissions concerning his medical treatment insufficient to meet the threshold requirement of imminent danger of serious physical injury. *See Edmond v. Texas Dep't of Corrections, et al.*, 1998 WL 723877 (5th Cir. Oct. 7, 1998) (unpublished) (allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception); *Humphrey v. Lopez*, No. 5:04-cv-94, 2004 WL 980512, at * 2 (N.D.Tex. May 6, 2004)(allegations of delay in medical care due to racial

---

[3] There Defendants include: Stacy Cook, Marla Farmer, Neely Greene, Alisha Liddell, and Corrections Corporation of America.

discrimination fails to establish imminent danger of serious physical injury); *Gallagher v. McGinnis*, No. 00-1468, 2000 WL 739285, at *1 (E.D.La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury).

Plaintiff merely disagrees with Defendants' medical treatment of him and in a conclusory fashion surmises that he is in imminent danger of physical bodily harm. His disagreement with his medical treatment does not meet the threshold of imminent danger to allow Plaintiff to proceed IFP, and "his conclusional allegations are insufficient to show that he was under imminent danger of serious physical injury at the time that he filed his complaint." *Smith v. Dir., Texas Dep't of Criminal Justice, Corr. Institutions Div.*, 258 F. App'x 632 (5th Cir. 2007). The record shows that Plaintiff was being treated for his back problems by the Defendants at Adams County Correctional Center with medication and medical appointments. *See e.g.* Medical Records [75-1] at 21, 23, 30.[4] *Id.* Mere disagreement with the medical staff's course of treatment is insufficient to create an imminent danger of serious physical injury for purposes of allowing Plaintiff to proceed IFP.

In sum, the Plaintiff's complaint and allegations fail to establish that he was under imminent danger of serious physical injury at the time of filing his complaint. *Choyce*, 160 F.3d at 1070. Therefore, the imminent danger exception does not apply to this civil action.

---

[4] While not relevant to the issue danger of imminent bodily harm at the time the complaint was filed, the Adams County Correctional Defendants provided Plaintiff with further medical care after he filed his complaint. Defendants had an MRI conducted on Plaintiff for diagnostic purposes and had a committee review his records to see if a neurology consult was necessary. [75-2] at 2. Moreover, in 2015, an appointment with a neurological surgeon was scheduled, but by the time of the appointment, Plaintiff was no longer in the Defendants' custody.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Order [13] granting Plaintiff *in forma pauperis* status in this cause be set aside and this case be dismissed without prejudice. The undersigned further recommends that the Clerk of the Court should be directed to reopen this civil action if the entire filing fee of $350.00 is paid within thirty days of dismissal.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 25th day of October, 2016.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge