```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


OKEY GARY OKPALA                                       PLAINTIFF

VS.                          CIVIL ACTION NO. 5:15-cv-40(DCB)(MTP)

FNU VASQUEZ, Warden, Federal
Correctional Institution,
Beaumont (Low), Texas, ET AL.                         DEFENDANTS
```

                ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation **(docket entry 77)** of Magistrate Judge Michael T. Parker, and the plaintiff Okey Gary Okpala's Objections thereto (docket entry 80). In his Report and Recommendation ("R&R"), Magistrate Judge Parker addresses whether the plaintiff meets the "imminent danger exception," in light of his having accumulated three strikes pursuant to 28 U.S.C. § 1915(g) (see Okpala v. Lappin, No. 1:09-cv-828, 2010 WL 55997 (E.D. Tex. Jan. 5, 2010)). Okpala was barred from proceeding in forma pauperis ("IFP") before the United States Supreme Court in 2007 because he had "repeatedly abused [the] Court's process." Okpala v. Drew, 549 U.S. 1201 (2007).

Okpala brings the present 42 U.S.C. § 1983 action alleging denial of adequate medical care by various defendants from two different prisons. While a prisoner, Okpala has brought at least three civil actions which have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief could

be granted.  Okpala moved to proceed IFP in this action, and Magistrate Judge Parker granted provisional IFP status for the limited purpose of determining if the plaintiff was in "imminent danger" due to his medical condition.  The parties have briefed the issue, Magistrate Judge Parker has issued his R&R, and Okpala has filed his objections thereto.  The R&R finds that the plaintiff has failed to show that he was in imminent danger of serious physical injury at the time he filed his Complaint.  The R&R also recommends that the plaintiff's IFP status be revoked pursuant to 28 U.S.C. § 1915(g), that this lawsuit be dismissed without prejudice, and that the plaintiff be given thirty days to reopen this civil action if the entire filing fee of $350.00 is paid.

As Magistrate Judge Parker points out in his R&R, since the time of filing of Okpala's Complaint, his sentence has been completed and he is currently being detained by United States Immigration and Customs Enforcement for deportation purposes.  Such detainees are not "prisoners" for purposes of the Prison Litigation Reform Act ("PLRA").  See Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997).  Nevertheless, the issue of whether an individual is a "prisoner" under the PLRA turns on whether the prisoner-plaintiff was confined when his lawsuit was filed.  See, e.g., Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004); Andrews v. Gunter, 2007 WL 1154108, at *4 n.3 (W.D. La. March 29, 2007); Green v. Palo Pinto Cnty., 2013 WL 3096089, at *1 (N.D. Tex. June 20, 2013).  At

the time Okpala filed his Complaint, he was incarcerated pursuant to a valid conviction and in the custody of the Federal Bureau of Prisons.  Thus, he is considered a "prisoner" for purposes of determining his IFP status.

The PLRA provides that a prisoner's privilege to proceed IFP shall be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or failing to state a claim.  28 U.S.C. § 1915(g).  The Court must consider all actions which were dismissed as frivolous, malicious, or failing to state a claim, whether dismissed before or after enactment of the PLRA.  Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir. 1996).  Denial of IFP status under the three strikes provision is a matter of procedure.

> Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts.  A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures ....
>
> Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee.  This requirement is neither novel nor penal.  It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

Adepegba, 103 F.3d at 386-87.

Excepted from this bar are cases in which "the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  "[T]he determination as to whether a prisoner is in 'imminent danger' must be made as of the time that he seeks to file

IFP his complaint or notice of appeal." <u>Choyce v. Dominguez</u>, 160 F.3d 1068, 1070 (5th Cir. 1998).

In his Complaint, the plaintiff alleges that he was denied adequate medical care related to his sciatica – which causes him great pain – at various times by different defendants at Federal Correctional Complex Beaumont Low and at the Adams County Correctional Center. According to the plaintiff, he was in custody at the Federal Correctional Complex Beaumont Low from 2010 to 2014 when he was diagnosed with lumbar disc problems. <u>See</u> Motion to Proceed IFP (docket entry 2, p. 1). The plaintiff was transferred to Adams County Correctional Center in September of 2014, and he filed his Complaint and Motion to Proceed IFP on May 11, 2015. (<u>Id</u>., p. 2; Complaint, p. 6).

Okpala also claims that defendants at the Adams County Correctional Center did not take him to a neurosurgeon even though he was scheduled to see one at his previous prison, and did not give him a "proactive brace" that he saw advertised on television. (Complaint, p. 4). Furthermore, the plaintiff alleges that he is subject to "'imminent danger' [because] significant serious and permanent disfigurement and disability to his person [will result] ... without ... timely and adequate medical treatment." (Complaint, p. 5). In his brief on this issue, the plaintiff alleges that his medical status is worsening and that he has to take more pills for his condition. (Plaintiff's Brief, pp. 1-2).

The plaintiff had been transferred from Federal Correctional Complex Beaumont Low, and was incarcerated at Adams County when he filed his Complaint and Motion to Proceed IFP. He filed his Complaint approximately eight months after he was transferred. The plaintiff was not in imminent danger of serious physical injury from any of the defendants from the Federal Correctional Complex Beaumont Low[1] at the time his complaint was filed because he was not at that facility at the time. Therefore, the plaintiff should not be allowed to proceed IFP against the Federal Correctional Complex Beaumont Low defendants, because he could not have been in imminent danger of serious physical injury from those Defendants at the time his Complaint was filed. See Summers v. Livingston, No. 1:12-CV-135, 2014 WL 1877437, at *2 (E.D. Tex. May 6, 2014) ("Because plaintiff had been transferred ..., he was not in imminent danger of serious harm at the time he filed this action. Accordingly, he is barred from proceeding in forma pauperis in this action.").

In addition, "conclusional allegations are insufficient to show [that a plaintiff is] under imminent danger of serious physical injury at the time that he filed his complaint." Smith v. Dir., Texas Dep't of Criminal Justice, Corr. Institutions Div., 258 F. App'x 632 (5th Cir. 2007)(citing Banos v. O'Guin, 144 F.3d 883,

---

[1] Defendants from the Federal Correctional Complex Beaumont Low include defendants Vazquez, Lacy, Edwards, Santana, and the Federal Bureau of Prisons.

885 (5th Cir. 1998)).  "To satisfy the 'imminent danger' exception, a complainant must offer specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Jackson v. United States, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016) (general complaints about ongoing nature of alleged lack of medical care do not meet imminent danger exception)(internal quotation marks and citations omitted); Cain v. Shilling, No. 799-CV-898, 2001 WL 515263, *2 (W.D. Va. Mar. 14, 2001)(imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary).

The plaintiff's allegations regarding the Adams County Correctional Center defendants' alleged actions or omissions concerning his medical treatment are also insufficient to meet the threshold requirement of imminent danger of serious physical injury.[2] See Edmond v. Texas Dep't of Corrections, 1998 WL 723877 (5th Cir. Oct. 7, 1998)(unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception); Humphrey v. Lopez, No. 5:04-cv-94, 2004 WL 980512, at *2 (N.D. Tex. May 6, 2004)(allegations of delay in medical care due to racial discrimination failed to establish imminent danger of serious

---

[2] Defendants from the Adams County Correctional Center include Stacy Cook, Marla Farmer, Neely Greene, Alisha Liddell, and Corrections Corporation of America.

physical injury); Gallagher v. McGinnis, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish imminent danger of serious physical injury).

The plaintiff merely disagrees with the defendants' medical treatment of him, and in a conclusory fashion surmises that he is in imminent danger of physical bodily harm. His disagreement with his medical treatment does not meet the threshold of imminent danger required to allow him to proceed IFP, and "his conclusional allegations are insufficient to show that he was under imminent danger of serious physical injury at the time that he filed his complaint." Smith v. Dir., Texas Dep't of Criminal Justice, Corr. Institutions Div., 258 F. App'x 632 (5th Cir. 2007). The record shows that the plaintiff was being treated for his back problems by the defendants at Adams County Correctional Center with medication and medical appointments. See, e.g., Plaintiff's Medical Records (docket entry 75-1, pp. 21, 23, 30).

Magistrate Judge Parker also points out that, while not relevant to the issue danger of imminent bodily harm at the time the Complaint was filed, the Adams County Correctional defendants provided the plaintiff with further medical care after he filed his Complaint. The defendants had an MRI conducted on the plaintiff

7

for diagnostic purposes and had a committee review his records to see if a neurology consultation was necessary. (docket entry 75-2, p. 2). In addition, an appointment with a neurological surgeon was scheduled in 2015, but by the time of the appointment, the plaintiff was no longer in the defendants' custody.

In his Objections, Okpala contends that in Estelle v. Gamble, 429 U.S. 97, 104-05 (1976), the Supreme Court established that a claim for serious medical needs by a prisoner can be made regardless of "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally or delaying access to medical care or intentionally interfering with the treatment once prescribed." (Objections, docket entry 80, pp. 2-3).

Nevertheless, for purposes of the § 1915(g) exception to the bar against proceeding IFP, imminent danger of serious physical injury is judged as of the date the complaint is filed. Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1988). In order to meet this requirement, the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003).

A mere disagreement with the medical staff's course of

treatment is insufficient to create an imminent danger of serious physical injury for purposes of allowing a plaintiff to proceed IFP.  The credibility determination in this case goes not to the merits of the plaintiff's case but instead to the sole issue of the plaintiff's claim of imminent danger, a procedural matter which is separate and independent from a determination of the merits of the plaintiff's underlying claims.  The plaintiff's Complaint and allegations fail to establish that he was under imminent danger of serious physical injury at the time he filed his Complaint. Choyce, 160 F.3d at 1070.  Therefore, the imminent danger exception does not apply to this civil action.

The Court therefore adopts Magistrate Judge Parker's Report and Recommendation.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Objections (docket entry 80) are overruled, and the Report and Recommendation **(docket entry 77)** of Magistrate Judge Michael T. Parker is adopted as the findings and conclusions of this Court;

FURTHER ORDERED that the plaintiff's In Forma Pauperis status is revoked pursuant to 28 U.S.C. § 1915(g);

FURTHER ORDERED that a Final Judgment shall follow, dismissing this lawsuit WITH PREJUDICE as to the refiling of another In Forma Pauperis lawsuit raising the same claims as herein presented, but WITHOUT PREJUDICE as to the refiling of this lawsuit without

seeking In Forma Pauperis status, and upon payment of the statutory $350.00 filing fee;

FURTHER ORDERED that should the plaintiff pay the full filing fee within thirty (30) days after the date of entry of Final Judgment in this case, he shall be allowed to proceed in the lawsuit as though the full fee had been paid from the outset;

FINALLY, IT IS FURTHER ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SO ORDERED, this the 26th day of January, 2017.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE